Arthur **MORRISON,** Petitioner— Appellant,

v.

Joseph K. **WOODRING,** Warden, Respondent—Appellee.

No. 05–55577.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Arthur Morrison, Federal Correctional Institution, Terminal Island, CA, for Petitioner-Appellant.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey Backhus, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Respondent-Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Arthur Morrison appeals from the district court's judgment denying his 28 U.S.C. § 2241 petition challenging the Bureau of Prisons' ("BOP") application of public safety factors to his record. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Morrison contends that the BOP's application of "prior serious violence" and "serious telephone abuse" security classifications are erroneous and prevent his eligibility into federal prison camp placement. Because Morrison has no constitutional right to any particular security classification, *see Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), or any particular prison, *see Olim v. Wakinekona,* 461 U.S. 238, 250–51, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), federal habeas relief is unavailable. *See* 28 U.S.C. § 2241(c).

Morrison also contends that these security classifications violated the Administrative Procedure Act ("APA") because they were not subjected to the "notice and comment" requirements. We disagree. Because these classifications are a part of the BOP's Program Statement § 5100.07, which interpret, clarify, and are consistent with existing law, they are not subject to

---

the rules of the APA. *See Gunderson v. Hood,* 268 F.3d 1149, 1154–55 (9th Cir. 2001).

Finally, Morrison contends that the application of the security classifications violated the Ex Post Facto Clause. We reject this contention because the classifications are not punitive, do not alter the definition of crimes, and do not deprive Morrison of any defense. *See Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990); *Neal v. Shimoda,* 131 F.3d 818, 825–27 (9th Cir. 1997).

All pending motions are denied.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.